Jaye G. Heybl (Cal. Bar No. 167,110)
Brian J. Philpott (Cal. Bar No. 241,450)
Sevag Demirjian (Cal. Bar. No. 243,656)
KOPPEL, PATRICK HEYBL & PHILPOTT
2815 Townsgate Road, Suite 215
Westlake Village, California 91361
Telephone: (805) 373-0060
Facsimile: (805) 373-0051
E-mail: generalmail@koppelpatent.com

Attorneys for Plaintiffs.

Surjit P. Soni (Cal. Bar. No. 127,419)
M. Danton Richardson (Cal. Bar. No. 141,709)
Leo E. Lundberg, Jr. (Cal. Bar. No. 125,951)
THE SONI LAW FIRM
35 North Lake Avenue, Suite 720
Pasadena, California 91101
Telephone (626) 683-7600
Facsimile (626) 683-1199

Attorneys for Defendants

FILED
CLERK, U.S. DISTRICT COURT
JUN - 5 2012
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

**NOTE CHANGES MADE BY THE COURT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL & JACQUELINE RUBLE FAMILY TRUST, and LOS ANGELES RINGBINDER, INC. a California Corporation,<br>　　　　Plaintiffs,<br>　v.<br>OFFICE MAX, INC., a business entity of unknown form, ABISCO PRODUCTS, INC., A California Corporation and DOCUPAK, INC., a California Corporation,<br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No.<br>CV11-05424 GHK (PJWx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Hon. George H. King<br><br>Magistrate Judge: Patrick J. Walsh |

-1-

Plaintiffs/Counterdefendants PAUL & JACQUELINE RUBLE FAMILY TRUST, and LOS ANGELES RINGBINDER, INC. a California Corporation, and Defendants/Counterclaimants OFFICEMAX NORTH AMERICA, INC. (erroneously sued as OFFICE MAX, INC., a business entity of unknown form), ABISCO PRODUCTS, INC., A California Corporation and DOCUPAK, INC., a California Corporation, recognizing each may have information relevant to the subject matter of this lawsuit that is subject to discovery and consequent public disclosure but which the parties agree should not be disclosed to employees of the requesting party or to the public generally, for the reasons set forth in the "Good Cause Statement" herein, have agreed to this Protective Order on the terms set forth below. It appearing to the Court that the parties have agreed to the terms of an appropriate Protective Order to govern discovery and pretrial proceedings and settlement negotiations in this action, and have demonstrated good cause for the entry of such Protective Order,

IT IS HEREBY ORDERED that:

1. This Order shall apply to all information produced during discovery and settlement negotiations in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. If an exhibit; pleading; interrogatory answer or admission (collectively "discovery response"); document or thing (collectively "document or thing"); or a deposition transcript, other transcript of testimony, or declaration

or affidavit (collectively "testimony") contains information considered confidential by a party, such exhibit, pleading, discovery response, document or thing, or testimony shall be designated "Confidential" or "Confidential-Attorneys Eyes Only" by the party contending there is confidential information therein.

3. In connection with an exhibit, pleading, discovery response, document or thing, testimony or other court submission, the legend "Confidential" or "Confidential-Attorneys Eyes Only" shall be affixed before the production or service upon a party.

4. As a general guideline, a document should be designated "Confidential" when it contains confidential technical or other information that may be reviewed by the receiving party, technical experts, and other party representatives, but must be protected against disclosure to third parties. A document may be designated "Confidential-Attorneys Eyes Only" only when it contains the following highly sensitive information: financial information not publicly available, such as through SEC filings; cost information; pricing information not publicly available; sales information not publicly available; customer lists; licenses; supplier and vendor information not publicly known or readily ascertained through public means; technical and development information about a party's products, unless such information has been made known publicly; business plans; marketing strategy; new product plans and competitive strategies; trade secrets, as that term is defined in California Civil code § 3426.1; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees, officers or directors or other representatives of the receiving party or third parties.

5. All Confidential Information that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this

litigation and not for any other business purpose, proceeding, litigation, or other purpose whatsoever. Further such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6. All documents, or any portion thereof, produced for inspection only (i.e., copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 10-13.

7. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition, or within fourteen (14) days following receipt of the transcript, and shall be subject to the provisions of this Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within fourteen (14) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 11-12 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party.

8. As used in this Protective Order, "Trial Counsel" refers exclusively to the following:

(a) For Defendants: The attorneys, paralegals, agents and support staff of The Soni Law Firm.

(b) For Plaintiff: The attorneys, paralegals, agents and support staff of Koppel, Patrick, Heybl & Philpott.

9. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and only subject to paragraphs below:

(a) officers, directors, or designated employees of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action; provided that such person has reviewed this Protective Order and has signed the undertaking as set forth in Paragraph 11.

(b) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

(e) any individual who was the author, recipient, or copied on a

document, regardless of its designation; and

  (f) any other persons as to whom the parties in writing agree.

 10. Material designated as "Confidential-Attorneys Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below:

  (a) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

  (b) court reporter(s) employed in this action;

  (c) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorneys Eyes Only;

  (d) any individual who was the author, recipient, or copied on a document, regardless of its designation;

  (e) any other persons as to whom the parties in writing agree.

 11. Any officer, director or designated employee of any party under paragraph 10(a) having access to Confidential Information shall be given a copy of this Order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney. Each person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this Order and not to make use of any such Confidential Information other than solely for purpose of

this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit A attached hereto.

12. For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

   (a) It is understood and agreed that if, pursuant to this Order, a party identifies a person as an expert, no other party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the designating party, except as provided by Federal Rule of Civil Procedure 26(b)(4) or by Order of the Court.

13. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order. When it is impractical to identify separately each portion of testimony that is entitled to protection, the party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 14 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this

Stipulated Protective Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order.

14.  A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential-Attorneys Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party or non-party of any information as "Confidential" or "Confidential-Attorneys Eyes Only" the parties and any producing non-party shall first try to resolve such disagreement in good faith on an informal basis, such as by production of redacted copies. If the disagreement cannot be resolved on an informal basis, the objecting party may move the Court for an Order modifying the designated status of such information. Any such motion will be made in strict compliance with Local Rules 37-1 and 37-2. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the challenged designation. In the event of any dispute as to the propriety of a redaction, the party objecting to the redaction may submit the issue to the Court for review pursuant to the Local Rules of this district.

15.  Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces any Confidential Information without marking it with the legend "Confidential" or "Confidential--Attorneys Eyes Only" or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly

marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or transcript testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order.

16. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

17. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned

promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order pursuant to Local Rules 37-1 and 37-2, compelling production of such information, but the motion shall not assert as a ground for production the fact that the information was inadvertently produced.

18. It is not the intention of this Protective Order to fully address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product, nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

19. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets, as that term is defined in California Civil Code § 3426.1, or other confidential information claims, as defined hereinabove, nor shall it relieve a party of the necessity of proper responses to discovery requests.

20. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" or "Confidential-Attorneys Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential, proprietary or of a trade secret nature.

This Order shall be without prejudice to the right of any party to bring before the Court the question of:

    (a)    whether any particular information is or is not Confidential Information;

    (b)    whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

    (c)    whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

21.    The terms of the Protective Order are applicable to Confidential Information produced by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Protective Order. To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

22.    Unless otherwise ordered or agreed in writing, within one-hundred (100) days after final termination of this litigation, all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party. Final termination shall mean the exhaustion of all time periods for appeal following the entry of judgment or dismissal as to all parties and all claims.

23.    The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court pursuant to the Local Rules of this district, upon good cause shown, from any of the provisions or restrictions provided

herein.

## STATEMENT OF GOOD CAUSE

This case is a patent and trademark infringement dispute relating to binder technology, and all parties to this suit have non-public documents, information, and other materials in their possession, custody, or control pertaining to this technology. Some of these items are highly sensitive and confidential because they contain information which, if released to the public, would cause harm to the parties' business and competitive interests. This information includes materials such as confidential technical documents concerning the parties' products, research and development documents regarding the technology at-issue in this case, sensitive business and financial documents, and other similar confidential documents and information.

To that end, the parties have jointly drafted the instant proposed protective order, which the parties respectfully seek to be entered by the Court, in order to prevent harmful disclosure of their confidential and sensitive business information, while balancing the public's right to acquire information that properly falls outside the scope of the parties' protectable, confidential interests.

The parties, as competitors, agree that disclosure of information designated as "Confidential-Attorneys Eyes Only" as set forth above would put the producing party at a competitive disadvantage if the information became known to patent counsel, employees, officers or directors or other representatives of the receiving party or third parties. The parties further agree that adoption and adherence to this Protective Order will facilitate an orderly and cost effective discovery process and preparation for trial or settlement, at the same time ensuring judicial economy and that the information will not be used to create an undue competitive advantage.

Respectfully submitted,

By: /s/ Jaye G. Heybl  
**KOPPEL PATRICK HEYBL & PHILPOTT**

By: /s/ M. Danton Richardson  
**THE SONI LAW FIRM**

Date: June 1, 2012

Date: June 1, 2012

Attorneys for  
Plaintiffs/Counterdefendants,

Attorneys for  
Defendants/Counterclaimants,

*Under seal filings governed by L.R. 79-5. PJW*

**ORDER**

IT IS SO ORDRED.

Date: 6/5/12

*[signature]* Patrick J. Walsh  
~~George H. King~~  
United States ~~District~~ Judge  
MAGISTRATE

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have read and fully understand the Stipulated Protective Order entered in <u>Paul & Jacqueline Ruble Family Trist, et al. v. Office Max et al.</u>, Case No. CV11-05424 GHK (PJWx). I agree that I will not disclose any information received by me pursuant to the Stipulated Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____      By: _____